UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:07CV00265 RWS |
| LARRY ORTMANN CONTRACTING, INC., a Missouri Corporation, | ) ) ) ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

Plaintiffs trustees of the Greater St. Louis Construction Laborers Pension, Welfare, Vacation and Training Funds (the "Laborers Funds") brought this action before me seeking the collection of delinquent contributions pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. Because Defendant Larry Ortmann Contracting, Inc. has not responded to the summons and complaint, Plaintiffs are entitled to a default judgment in the amount of $64,418.84.

*Background*

Defendant Larry Ortmann Contracting, Inc. was a party to two collective bargaining agreements with the Greater St. Louis Construction Laborers Locals 42-53-100 ("Laborers") during the relevant time period of April 1, 2004 through January 31, 2007. These agreements require Defendant to submit monthly reports and remit contributions to the Laborers Funds. Defendant is delinquent in the submission of reports and contributions for the period of April 1,

2004 through January 31, 2007.  The total amount of contributions owed for this period is $45,027.87.

In addition, Defendant is liable for liquidated damages and interest.  The collective bargaining agreement required the payment of 20% liquidated damages on delinquent contributions, as well as interest.  Pursuant to this provision, Defendant now owes liquidated damages of $8,884.87, and interest of $2,992.55

In addition to the amounts discovered in the payroll examination, Defendant has also been delinquent in submitting required monthly reports for December 2006 and January - February 2007.  These reports were not submitted until May 2007 and no reports have been submitted for the months subsequent to February 2007.  Pursuant to the collective bargaining agreements, Defendant owes $1,513.50 in liquidated damages for the months of December 2006 and January - February 2007.

Defendant is also liable for attorneys' fees and payroll examination costs.  The collective bargaining agreement required the payment of attorneys' fees and payroll examination costs.  Pursuant to this provision, Defendant now owes $4,187.00 in attorneys' fees, $393.05 in court costs and fees, and $1,420.00 in payroll examination fees.

The present lawsuit was filed on February 5, 2007.  A return of summons indicates that Larry Ortmann Contracting, Inc. was served with the summons and complaint on February 6, 2007. Larry Ortmann Contracting, Inc. never filed an answer or other responsive pleading.  On March 9, 2007, the Clerk of Court filed an Entry of Default.  Pending before me is Plaintiff Greater St. Louis Construction Laborers Welfare Fund's motion for default judgment.

*Analysis and Calculation*

The relief sought in this matter is the payment of certain fringe benefit contributions which are covered under ERISA, 29 U.S.C. § 1132. Section 1132(g)(2) mandates the award of the relief requested by the Laborers. The statute provides as follows:

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>     (A) the unpaid contributions
>     (B) interest on the unpaid contributions
>     (C) an amount equal to the greater of -
>         (i) interest on the unpaid contributions, or
>         (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>     (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>     (E) such other legal or equitable relief as the court deems appropriate
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if non, the rate prescribed under section 6621 of Title 26.

These provisions are mandatory. See, e.g., Operating Engineers Pension Fund. v. Beck Engineering & Surveying Co., 746 F.2d 557 (9th Cir. 1984). Pursuant to 29 U.S.C. §1132(g)(2)(A), the Laborers are entitled to a judgment of $45,027.87 for delinquent contributions. Pursuant to U.S.C. §1132(g)(2)(C) and the parties' collective bargaining agreement, the Laborers are entitled to an award of 20% liquidated damages and interest on

3

contributions owed under that agreement. These amounts total $10,398.37 in liquidated damages and $2,992.55 in interest. Pursuant to the collective bargaining agreement, the Laborers are entitled to payroll examination fees. This amount totals $1,420.00 in payroll examination fees. Finally, ERISA at U.S.C. §1132(g)(2)(D) requires delinquent employers to pay the Funds' attorneys' fees and court costs. The Laborers have incurred $4,187.00 in attorneys' fees and $393.05 in court costs.

Thus, Plaintiffs are entitled to a total judgment of $64,418.84.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Second Motion to Amend by Interlineation Plaintiff's Motion for Default Judgment [#15] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Default Judgment [#12] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's First Motion to Amend by Interlineation [#14] is **DENIED as moot.**

A separate judgment will be entered in this matter.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 27th day of August, 2007.